IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHNEIDER ELECTRIC IT MISSION CRITICAL SERVICES, INC. | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : CIVIL ACTION No. <br> : <br> : |
| KEYSTONE NAP, LLC | : <br> : |
| Defendant. | : |

**VERIFIED COMPLAINT**

Plaintiff Schneider Electric IT Mission Critical Services, Inc. ("Plaintiff" or "Schneider"), by and through its counsel, Flaster Greenberg PC, files this Complaint ("Complaint") against the above-named defendant, Keystone NAP, LLC ("Defendant" or "Keystone") and in support hereof, avers as follows:

*The Parties*

1. Plaintiff is a Virginia corporation with its principal place of business located at 3975 Fair Ridge Drive South Tower, Suite 210, Fairfax VA 22033.

2. Defendant is a Delaware corporation with its principal place of business located at One Ben Fairless Drive, Fairless Hills, Pennsylvania.

*Jurisdiction and Venue*

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1) inasmuch as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(a) insofar as a

6745417 v1

substantial part of the events or omissions giving rise to this action occurred or a substantial part of the property that is the subject of this action is situated in this district.

*Factual Background*

5.  On January 28, 2014, Plaintiff and Defendant entered into a Master Product and Service Agreement (the "Service Agreement"). A true and correct copy of the Service Agreement is attached hereto as Exhibit "A" and incorporated herein.

6.  Under the Service Agreement, Plaintiff was to provide design-build services and products to Defendant for the development and provisioning of a data center site.

7.  Thereafter, on about August 7, 2014, Plaintiff and Defendant entered into a certain Purchase Order Agreement, issued under the terms of the Service Agreement, for the purchase of a 600kW Pre-Fabricated Data Center (the "Purchase Order") consisting of equipment more specifically set forth therein (the "Equipment"). A true and correct copy of the Purchase Order, which includes a detailed description of the Equipment, is attached hereto as Exhibit "B" and incorporated herein.

8.  The purchase price for the Equipment, and value thereof, was $3,710,059.00.

9.  Further, as security for payment under the Purchase Order, Defendant granted to Plaintiff a security interest in the Equipment, which was properly perfected by the filing of a UCC-1 Financing Statement on June 14, 2017. A true and correct copy of the UCC-1 Financing Statement is attached hereto as Exhibit "C" and incorporated herein.

10. The Equipment was delivered by Plaintiff and accepted by Defendant and installed at its business location at One Ben Fairless Drive, Fairless Hills, Pennsylvania.

11. On April 20, 2016, the Purchase Order was modified solely to address and revise

payment terms. A true and correct copy of the Modified Purchase Order is attached hereto as Exhibit "D" and incorporated herein.

12. Defendant failed to make payment as required under the Purchase Order, as modified.

13. On numerous occasions thereafter, Plaintiff issued formal demand upon Defendant for payment of all outstanding obligations under the Purchase Order.

14. Subsequently, by letter dated May 17, 2017, Plaintiff, through its counsel, demanded immediate payment of the outstanding balance of $2,993,941.23 (the "Outstanding Obligations"). In addition, Plaintiff advised Defendant that in the event that payment was not made as requested, Plaintiff would pursue all remedies available to it, at law or in equity, including (a) filing an action in the appropriate jurisdiction to collect this claim against any and all parties responsible for non-payment, and/or (b) exercising its rights as a secured creditor under Article 9 of the Uniform Commercial Code by repossessing and selling the Equipment. A true and correct copy of said correspondence is attached hereto as Exhibit "E" and incorporated herein.

15. To date, despite repeated demands, Defendant has failed and/or refused to make payment of the Outstanding Obligations, which remain unpaid.

16. Further, in accordance with the terms of the Service Agreement and Purchase Order, Plaintiff is entitled to all expenses incurred by Plaintiff in the collection of the Outstanding Obligations, including reasonable attorneys' fees and costs.

## COUNT I - OPEN ACCOUNT

17. Plaintiff incorporates herein by reference all prior allegations of this Complaint as

if set forth fully herein.

18. Upon application of all payments and credits, Defendant is currently indebted to Plaintiff for past due accounts receivable in the aggregate sum of $2,993,941.23 as of June 1, 2018.

19. Defendant has failed to pay Plaintiff the Outstanding Obligations despite multiple demands for payment.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of $2,993,941.23, together with all other sums recoverable under applicable law, including fees, costs and expenses, and such other and further relief as this Court deems just and proper.

## COUNT II - BREACH OF CONTRACT

20. Plaintiff incorporates herein by reference all prior allegations of this Complaint as if set forth fully herein.

21. Defendant ordered the Equipment from Plaintiff, Plaintiff accepted the order, shipped and delivered the Equipment to Defendant.

22. Defendant is contractually obligated to pay Plaintiff the amount invoiced for the Equipment pursuant to the terms of the Service Agreement and the Purchase Order.

23. Defendant is in breach of its contractual obligations to Plaintiff by virtue of its failure to make payment in full.

24. As a direct and proximate result of said breach, the Plaintiff has suffered (and continues to suffer) damages in the amount of $2,993,941.23.

25. Plaintiff has fulfilled all of its obligations pursuant to the contractual arrangement

between it and Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of $2,993,941.23, together with all other sums recoverable under applicable law, including fees, costs and expenses, and such other and further relief as this Court deems just and proper.

### COUNT III - UNJUST ENRICHMENT

26. Plaintiff incorporates herein by reference all prior allegations of this Complaint as if set forth fully herein.

27. Defendant has enjoyed the benefit and the use of the Equipment sold to it by Plaintiff.

28. Defendant failed to compensate Plaintiff for the Equipment pursuant to the terms of the Service Agreement and Purchase Order.

29. Defendant has been enriched at the expense of the Plaintiff.

30. It would be unjust to enrich Defendant at Plaintiffs' expense without compensating Plaintiff for the Equipment.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of $2,993,941.23, together with all other sums recoverable under applicable law, including fees, costs and expenses, and such other and further relief as this Court deems just and proper.

### COUNT IV – REPLEVIN

31. Plaintiff incorporates herein by reference all prior allegations of this Complaint as if

set forth fully herein.

31. Upon information and belief, Defendant maintains possession or control over the Equipment.

32. Defendant has failed and/or refused to make payment of the Outstanding Obligations or return the Equipment to Plaintiff, despite demand therefore.

33. Plaintiff holds a properly perfected security interest in the Equipment and has an immediate right of possession thereof.

34. Nevertheless, Defendant has wrongfully detained the Equipment to Plaintiff's detriment.

35. Plaintiff is entitled to repossession of the Equipment.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant: (a) in the amount of $2,993,941.23, together with all other sums recoverable under applicable law, including fees, costs and expenses; (b) for possession of the Equipment; (c) for the issuance of a writ of replevin for the Equipment; and (d) such other and further relief as this Court deems just and proper.

Respectfully Submitted,

FLASTER GREENBERG, P.C.

Dated: June 8, 2018            By: _____
                                   Harry J. Giacometti, Esquire
                                   1835 Market Street, Suite 1050
                                   Philadelphia, PA 19103
                                   Tel: (215) 587-5680
                                   Attorneys for Plaintiff

6745417 v1

## **VERIFICATION**

I, J. Russell Morrissey, upon my oath, hereby certify as follows:

1.  I am President of Schneider Electric IT Mission Critical Services, Inc., Plaintiff in the above-captioned matter, and thus have authority to execute this Verification.

2.  I am fully familiar with the facts and circumstances alleged in the foregoing Verified Complaint.

3.  I have read the Verified Complaint and, to the best of my knowledge, information and belief, the factual statements contained therein, are true.

I further certify that the foregoing statements made by me are true, and I am aware that if any of these statements are willfully false, I may be subject to punishment.

*[signature]*
J. Russell Morrissey

Dated: June 6, 2018